# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| TONY HARDEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01199 |
| | ) | |
| AMERIGAS PROPANE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

On January 3, 2017, Plaintiff filed a notice of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), notifying the Court that this action should be dismissed with prejudice. (D.E. 34.) Rule 41(a)(1)(A)(ii) provides that a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiff's notice, however, is not a stipulation, as it is not signed by all parties. Rather, it is only signed by attorneys for Plaintiff. Dismissal under Rule 41(a)(1)(A)(ii) is therefore improper, and the Court construes Plaintiff's notice as a motion to dismiss under Rule 41(a)(2). *See Puffenbarger v. Croson/Tepee LLP*, No. C2-01-743, 2002 WL 1580353, at *1 (S.D. Ohio July 8, 2002) (construing a similarly deficient notice of voluntary dismissal under Rule 41(a)(1) as motion to dismiss under Rule 41(a)(2)); s*ee also Noel v. Guerrero*, 479 F. App'x 666, 668 (6th Cir. 2012) (affirming dismissal where the district court construed a federal prisoner's *pro se* motion to hold his claims in abeyance "as a request for voluntary dismissal under Rule 41(a)(2), and granted the motion without prejudice").

"[I]f the plaintiff's motion for voluntary dismissal is . . . without the defendant's consent, then the action may be dismissed 'only by court order, on terms that the court considers proper.'" *Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 643 (6th Cir. 2012) (quoting Fed. R. Civ. P. 41(a)(2)). "While a properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval," dismissal under Rule 41(a)(2) "contemplates the exercise of judicial discretion and requires a court order to effectuate dismissal." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). The Court therefore must evaluate whether dismissal in this case is proper before granting Plaintiff's motion.

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal–MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). The nonmovant in this case is Defendant, Amerigas Propane, Inc. On December 13, 2016, a mediation certification was filed asserting that this "case has settled in whole." (D.E. 33 at 1.) Because the parties have settled the entirety of Plaintiff's claims, the Court finds that Defendant would suffer no unfair treatment if the case is dismissed with prejudice. *See Puffenbarger*, 2002 WL 1580353, at *1 (approving the plaintiff's construed motion to dismiss under Rule 41(a)(2) "pursuant to the terms of a private settlement agreement").

For the reasons stated above, Plaintiff's motion to dismiss pursuant to Rule 41(a)(2) is hereby GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 4th day of January, 2017.

                                                 s/ J. DANIEL BREEN
                                                 CHIEF UNITED STATES DISTRICT JUDGE